UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND; BUILDING
SERVICE 32BJ PENSION FUND; BUILDING SERVICE
32BJ LEGAL SERVICES FUND; THOMAS SHORTMAN
TRAINING, SCHOLARSHIP and SAFETY FUND; BUILDING
SERVICE 32BJ SUPPLEMENTAL RETIREMENT and
SAVINGS FUND,

                                              **COMPLAINT**

                            Plaintiffs,

-against-                                              08-CV-2524

FULTON PARK FOUR ASSOCIATES, L.P. d/b/a            (NRB)
FULTON PARK 4 ASSOC.; and FULTON MANAGEMENT
CO. LLC

                            Defendants

------------------------------------------------------------------X

Plaintiffs, Building Service 32BJ Health Fund, Building Service 32BJ Pension Fund, Building Service 32BJ Legal Services Fund, Thomas Shortman Training, Scholarship and Safety Fund, and Building Service 32BJ Supplemental Retirement and Savings Fund (herein collectively referred to as the "Funds"), by their attorneys, as and for their Complaint against Fulton Park Four Associates, L.P. d/b/a Fulton Park 4 Assoc., and Fulton Management Co. LLC ("Defendants"), respectfully allege as follows:

### NATURE OF ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") by an employee welfare benefit fund, an employee pension benefit fund, an employee training and scholarship fund, an employee legal services fund, and an employee retirement savings fund for injunctive and other equitable relief under ERISA to secure performance by an employer of specific statutory an obligations to pay and/or submit the required monetary contributions and reports to the Funds. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and/or reports to the Funds when due, Defendants violated their statutory obligations under

ERISA.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

   (a)   Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) a

   (b)   28 U.S.C. Section 1331 (federal question); and

   (c)   28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)). Service of process may be made on defendant in any other district in which they may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(6)(2)).

## PARTIES

4. The Funds are jointly-administered, multi-employer, labor-management trust Funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Funds is to receive contributions from employers who are parties to collective bargaining agreements with Local 32BJ Service Employees International Union ("Union"), to invest and maintain those monies, and to distribute pensions, health and insurance benefits, and annuity payments to those employees eligible to receive them. The Funds maintain their offices and are administered at 101 Avenue of the Americas, New York, New York 10013, in the City, County, and State of New York.

5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley

Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 101 Avenue of the Americas, New York, New York 10013, in the City, County, and State of New York.

6. Upon information and belief, at all times material hereto Defendant Fulton Park Four Associates, L.P. d/b/a Fulton Park 4 Assoc.("defendant Fulton Park") was and continues to be a for-profit limited partnership doing business in the City and State of New York as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, Defendant is party to a collective bargaining agreement (hereinafter the "Agreement") with the Union wherein, *inter alia*, Defendant Fulton Park became obligated to pay and/or submit the required monetary contributions and/or reports to the Funds, for Defendant Fulton Park's employees within the unit set forth in the Agreement with the Union.

7. Upon information and belief, Defendant Fulton Management Co. LLC("Defendant Management Co.") and was at all relevant times the general partner in Defendant Fulton Park Four Associates, L.P. Pursuant to New York Partnership Law Section 121-303, the general partner of a limited partnership is liable for the contractual obligations of the limited partnership.

## AS AND FOR A FIRST CLAIM FOR RELIEF

8. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 7 of this complaint, as if fully set forth herein.

9. Pursuant to the Agreement, there became due and owing to Funds from Defendants the estimated amount of $246,707.06 in benefit contributions for the period beginning with the quarter July-September, 2003 through the quarter July-September, 2007.

10. To date, none of the contributions due to the Funds has been paid by the Defendants,

although all contributions have been duly demanded, and the Funds have been damaged in the amount of $246,707.06. Said failure to make full payments constitutes a violation of Section 515 of ERISA, (29 U.S.C. 1145).

### AS AND FOR A SECOND CLAIM FOR RELIEF

11. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 10 of this Complaint, as if fully set forth herein.

12. Pursuant to the provisions of ERISA, Defendants are required to timely pay and submit benefit contributions and/or reports to the Funds, for so long as Defendants remain obligated to do so under the Agreement.

13. Defendants have failed to timely pay and/or submit benefit contributions and reports to the Funds, and are currently in breach of their statutory obligations under ERISA. Defendants' prior conduct demonstrates a significant likelihood that they will continue to breach the aforementioned statutory provisions.

14. The Funds have no adequate remedy at law to insure that Defendants will adhere to their statutory obligations in the future.

15. As a result of Defendants' omissions and breaches of contract, the Funds may be required to (a) deny employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide said beneficiaries the benefits provided under the plan, notwithstanding Defendants' failure to make their required contributions, thereby reducing the corpus of the Funds and endangering the rights of the employee beneficiaries on whose behalf contributions are being made, all to their substantial and irreparable injury.

16. The Funds will suffer immediate and irreparable injury unless Defendants, their officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or

submit the required monetary contributions and/or reports for so long as Defendant remains obligated to do so pursuant to ERISA and the Agreement.

17. Accordingly, the Funds request this Court issue an injunction permanently enjoining Defendants, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from violating ERISA by failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to the Funds.

**WHEREFORE,** plaintiff Funds demand judgment against Defendants, jointly and severally:

a. for payment of all past due contributions in the estimated amount of $246,707.06 for the period beginning with the quarter July-September, 2003 through the quarter July-September, 2007;

b. for payment of all contributions and interest which become due during the pendency of this action;

c. for accrued prejudgment interest on all contributions in accordance with ERISA § 502 (g)(2)(B)(I);

d. for statutory liquidated damages on all contributions now due and which accrue during the pendency of this action, in accordance with ERISA§ 502(g)(2)(C)(ii) including statutory liquidated damages of 25% of the contributions, as permitted under New York Labor Law Section 198)1-a);

e. for reasonable attorney's fees and costs of the action, in accordance with ERISA 502(g)(2)(D);

f. for an Order permanently enjoining Defendants, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise for so long

as they remain obligated to contribute to the Funds, from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports in accordance with ERISA and the Agreement;

g.  for such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 10, 2008

RAAB, STURM GOLDMAN & GANCHROW, LLP

By: *[signature]*

Michael Geffner (MG 6785)
*Attorneys for Plaintiffs Funds*
317 Madison Avenue, Suite 1708
New York, New York 10017
Tel. 212- 683-6699
Fax 212- 779-8596